Minute Order Form (06/97)

# United States District Court, Northern District of Illinois



JS-6

| Name of Assigned Judge or Magistrate Judge | Geraldine Soat Brown | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 778 | **DATE** | 8/28/2002 |
| **CASE TITLE** | | Sims vs. SSA | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] As set forth in the Memorandum Opinion and Order, Plaintiff's motion for summary judgment [31-1] is DENIED; Defendant's motion to dismiss [ 33-1] is DENIED; and Defendant's motion for summary judgment [ 33-2] is GRANTED. Judgment is entered in favor of the defendant and against the plaintiff.

(11) ■ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | 41 |
| | Notified counsel by telephone. | | AUG 29 2002 date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 8/28/2002 date mailed notice | |
| tw | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



DOCKETED
AUG 2 9 2002

| | |
|---|---|
| EDNA SIMS,<br>　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF<br>　SOCIAL SECURITY,<br>　　　Defendant. | Cause No. 01 C 778<br><br>Magistrate Judge Geraldine Soat Brown |

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on the plaintiff's motion for summary judgment [dkt 31] and the defendant's motion to dismiss or alternatively for summary judgment [dkt 33]. For the reasons set out below, the plaintiff's motion for summary judgment is DENIED; the defendant's motion to dismiss is DENIED and the defendant's motion for summary judgment is GRANTED.[1]

## BACKGROUND

The issue presented by the motions is somewhat different from the issue in most appeals from decisions of Commissioner of Social Security (the "Commissioner" or "Defendant"). The issue in the present case is whether the filing of this lawsuit by Edna Simms ("Plaintiff") was timely.

On July 2, 1996, Plaintiff filed an application for supplemental security income under the Social Security Act, 42 U.S.C. § 1381 *et seq.*, alleging disability as of June 15, 1992, due to high

---

[1] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge. [Dkt 26, 27.] Accordingly, this Opinion and Order constitutes the final judgment in this case.

1

41

blood pressure and a heart murmur. (R. 119-122.)² The application was initially denied on August 20, 1996, and again upon reconsideration on December 16, 1996. (R. 92, 97.) Plaintiff filed a timely request for hearing, and a hearing was held on September 16, 1998. *See* transcript of hearing, (R. 25-87). Plaintiff appeared and testified at the hearing. (R. 30-56.) She was informed of her right to legal representation, but she elected to proceed without a legal representative. (R. 28-29.) On January 26, 1999, the Administrative Law Judge ("ALJ") rendered his decision that Plaintiff was not disabled and was not eligible for supplemental security income. (R. 16-23.)

The administrative record shows that a Notice of Decision–Unfavorable was mailed to Plaintiff at 7036 S. Rhodes, First Floor, Chicago, Illinois 60637 on January 26, 1999. The notice advised Plaintiff that:

> To file an appeal, you must file your request for review **within 60 days** from the date you get this notice.
> The Appeals Council assumes you got the notice 5 days after the date shown above unless you show you did not get it within the 5-day period. The Council will dismiss a late request unless you show you had good cause for not filing it on time.

(R. 13, emphasis in original.)

Plaintiff filed a request for review of the ALJ's decision on March 4, 1999, again listing her address as 7036 S. Rhodes, First Floor, Chicago Illinois 60637. (R. 11.) The Appeals Council denied Plaintiff's request for review on September 25, 2000. (R. 8.) The Action of Appeals Council on Request for Review stated:

> If you desire a court review of the Administrative Law Judge's decision, you may commence a civil action by filing a complaint in the United States District Court for the judicial district in which you reside within sixty (60) days from the date of the

---

² "R.___" refers to the certified record of proceedings, evidentiary documents, and administrative hearing transcript prepared by the Social Security Administration's Office of Hearings and Appeals pursuant to 42 U.S.C. § 405(g).

receipt of this letter. It will be presumed that this letter is received within five (5) days after the date shown above unless a reasonable showing to the contrary is made.
. . .
If you cannot file your complaint within 60 days, you may ask the Appeals Council to extend the time in which you may begin a civil action. However, the Council will only extend the time if you provide a good reason for not meeting the deadline. Your reason(s) must be set forth clearly in your request.

(R. 8-9.) The Action of Appeals Council was addressed to 7036 S. Rhodes, First Floor, Chicago, IL 60637.

The administrative record contains a letter dated December 8, 2000, from the Social Security Administration ("SSA") Office of Hearings and Appeals, addressed to the Plaintiff at 10520 Wabash St. #1, Chicago, IL 60628. (R. 7.) The letter states that the Council has received a request for extension of time to commence a civil action. It further states:

The time within which a civil action may be commenced is hereby extended for a period of 30 days from the date of receipt of this letter. The date of receipt shall be presumed to be 5 days from the date of this letter, unless a reasonable showing is made to the contrary.
As requested, we are enclosing a copy of the Appeals Council's notice.

(R. 7.)

To comply with the extension set out in the SSA's letter, Plaintiff's civil action should have been filed on or before January 16, 2001.[3] Plaintiff filed this action on February 5, 2001 [dkt 1], the fifty-nineth day after the SSA's letter. Plaintiff originally filed her original Complaint *pro se*, but the District Judge appointed counsel to represent Plaintiff on May 4, 2001. [Dkt 15.] By leave of

---

[3] By this Court's calculation, the thirty-day extension, plus the five days for receipt of the December 8, 2000 letter, would make the deadline for filing a civil action Friday, January 12, 2001. Defendant states that the deadline was January 13, 2001. (Def.'s Mem. Supp. Mot. Summ. J. at 1.) However, January 13, 2001 was a Saturday, and the following Monday, January 15, 2001 was a federal holiday. Therefore, by Defendant's calculation, a filing on Tuesday, January 16, 2001 would have been timely. Fed. R. Civ. P. 6(a).

3

court, Plaintiff filed an Amended Complaint. [Dkt 20.] Defendant filed an answer and the administrative record. [Dkt 24, 25.]

The original *pro se* Complaint filed by Plaintiff was on the form Complaint of Employment Discrimination, although Plaintiff named as the defendant the Commissioner of Social Security, at the address listed in the September 25, 2000 Action of Appeals Council: Room 611, Altmeyer Building, 6401 Security Boulevard, Baltimore, MD 21235. (Compl. at 1.) In her Amended Complaint, signed and filed by Plaintiff's appointed counsel, Plaintiff claims that the SSA violated the due process guarantees of the United States Constitution by failing to inform Plaintiff of the grounds of the ALJ's decision. Specifically, Plaintiff alleges that no copy of the ALJ's decision was issued to Plaintiff (Am. Compl. ¶ 2); that she was never informed orally or in writing of the reasons for the denial of benefits (*Id.* ¶ 3); that the decision of the Appeals Council on September 25, 2000 failed to provide any reason for the denial of benefits and that Plaintiff never received a copy of the Appeals Council's decision of September 25, 2000 (*Id.* ¶ 5); that the December 8, 2001 [sic] letter from the Appeals Council never informed Plaintiff of the basis for denying her benefits (*Id.* ¶ 6); and by failing to so inform Plaintiff, the SSA violated 42 U.S.C. § 1383(c)(1)(a), and the due process guarantees of the Constitution. (*Id.* ¶ 7.) In her prayer for relief, Plaintiff requested that she be granted the benefits denied as a result of the ALJ's decision.

Defendant's Answer stated as its "First Defense" that the court lacks jurisdiction because the action was not brought within the time required by the Social Security Act, 42 U.S.C. § 405(g). Answering the specific allegations of the Amended Complaint, Defendant denied the allegations that the SSA failed to provide Plaintiff with the reasons for the denial of benefits.

4

Defendant's Motion to Dismiss for Lack of Jurisdiction.

Title 42 U.S.C. § 405(g) provides that a party may obtain review of the Commissioner's final decision by "a civil action commenced within sixty days after the mailing to him [claimant] of notice of such decision or within such further time as the Commissioner of Social Security may allow." Defendant's Motion to Dismiss or Alternatively for Summary Judgment argues initially that Plaintiff's failure to file her civil lawsuit by January 16, 2001 deprives this court of jurisdiction. (Def.'s Mem. Supp. Mot. Summ. J. at 1.) [Dkt 34.] Defendant cites no authority for that argument, and, indeed, the Supreme Court has held to the contrary. "[T]he 60-day requirement [in § 405(g)] is not jurisdictional, but rather constitutes a period of limitations." *Bowen v. City of New York*, 476 U.S. 467, 478 (1986), citing prior authority. Thus, Defendant's motion to dismiss for lack of jurisdiction is denied.

Plaintiff's and Defendant's Motions for Summary Judgment.

At the outset it must be observed that both Plaintiff's and Defendant's motions for summary judgment violate the District Court's Local Rule 56.1. Neither party filed a statement of material facts as to which the party contends there is no genuine issue, which is required by LR 56.1(a)(3). This Court requires compliance with that Local Rule. *See* Court's Case Management Procedures, available on the website for the Northern District of Illinois, www.ilnd.uscourts.gov. *See also Metropolitan Life Ins. Co. v. Johnson*, 297 F.3d 558, 562 (7th Cir. 2002)("[W]e have emphasized the importance of local rules and 'have consistently and repeatedly upheld a district court's discretion to require strict compliance with its local rules governing summary judgment'")(internal citation omitted). Although 42 U.S.C. §405(g) permits the Court to affirm, modify or reverse the decision

5

of the SSA "upon the pleadings and transcript of the record," Plaintiff's motion does not deal with the merits of the decision of the Commissioner denying Plaintiff benefits. Instead, the issue here involves certain facts outside the administrative record. Accordingly, the parties were required to follow the rules for motions for summary judgment in civil cases. If a party's failure to follow the rules results in the Court adopting a version of the facts that is perhaps not as favorable to that party, that party is bearing the consequence of its own actions. *See Metropolitan Life*, 297 F.3d at 562.

Turning to the merits of the parties' arguments, Plaintiff's Amended Complaint does *not* request a review of the Commissioner's decision to deny benefits. It does *not* allege that the Commissioner's decision to deny benefits was not supported by substantial evidence or was legally incorrect. Instead, the Amended Complaint is framed in the nature of a civil rights claim, requesting that the Court order the award of benefits as a remedy for the alleged deprivation of Plaintiff's due process rights in allegedly failing to advise Plaintiff of the reasons for the denial of benefits.

Likewise, Plaintiff's Motion for Summary Judgment does not argue that this Court should review or reverse the Commissioner's decision because it was legally incorrect or not supported by substantial evidence. Instead, in a shift of focus from the Amended Complaint, Plaintiff argues that:

> Ms. Sims was denied basic due process when her notice of denial and right of civil appeal was sent to the wrong address, even after she had previously informed the Defendant of her change of address on several occasions.

(Pl.'s Mot. Summ. J. at 3.)[4] In support of this assertion, Plaintiff attached to her Motion her affidavit

---

[4] Presumably the reason for this shift is that the allegations of the Amended Complaint are contrary to the face of the record. Plaintiff's claim that "at no time" did SSA advise her of the reasons for the denial of benefits is contradicted by the fact that Plaintiff filed a Request for a Review of the ALJ's decision on March 4, 1999, within 65 days of the ALJ's decision (R. 11), and that apparently additional evidence was submitted to the Appeals Council in the form of treatment records from November 1998 to February 1999. (R. 10.) Nowhere in her briefs to this Court does Plaintiff suggest how she filed a request for review of the ALJ's decision without having received

6

asserting that on April 15, 2000 she moved from 7036 S. Rhodes, First Floor, Chicago Illinois to 10520 Wabash St. #1, Chicago, Illinois, and that on April 20, 2000 and "subsequent occasions following," she disclosed that new address to individuals at the SSA. (Pl.'s Mot. Summ. J., Ex. 3, ¶¶ 3-4.)

Strikingly absent from Plaintiff's affidavit is any statement: (a) that Plaintiff did not receive the December 8, 2000 letter, which was properly addressed to the new address; (b) stating the date that Plaintiff received the December 8, 2000 letter; or (c) setting out any reason why the extension of time permitted by the SSA in the December 8, 2000 letter (until January 16, 2001) was not sufficient to enable the Plaintiff to file a civil action.

As discussed by the Supreme Court in *City of New York*, the sixty-day requirement is a statute of limitation. That limitation is subject to waiver. *Johnson v. Sullivan*, 922 F.2d 346, 355 (7th Cir. 1991), citing prior authority. Defendant has not waived that limitation in this case, having pleaded it as an affirmative defense. (Answer, First Defense.) The statute is also subject to equitable tolling. *City of New York*, 476 US at 480. However, the Supreme Court stated in *City of New York* that "in most cases the Secretary [now the Commissioner of the SSA] will make the determination whether it is proper to extend the period within which review must be sought," referring to the provision of § 405(g) under which the Commissioner may extend the period for filing. *Id.* That is the provision under which Plaintiff in this case was granted an extension of thirty days.

---

a copy of the decision.
    Additionally, the Amended Complaint alleges that Plaintiff never received a copy of the decision of the Appeals Council denying her appeal. (Am. Compl. ¶ 5.) However, a copy of the Action of Appeals Council, which is attached as Exhibit A to the Amended Complaint, was enclosed with the SSA's December 8, 2000 letter, a copy of which is attached as Exhibit B to the Amended Complaint. Also, the initial Complaint that was filed by Plaintiff *pro se* listed the defendant's address exactly as listed in the September 25, 2000 Action of Appeals Council. (Compl. at 1; R. 8.)

Under the regulations that govern the Commissioner's decision, the reasons for granting an extension include "You [the claimant] did not receive notice of the determination or decision." 20 C.F.R. § 404.911(b)(7). Presumably Plaintiff's request for extension, which does not appear in the record, was based on the same argument she makes to this Court–that the Action of Appeals Council had been mailed to the old address.[5] The SSA apparently accepted Plaintiff's explanation, and granted her an additional thirty days to file a civil action. The sixty-day limitation was tolled by the SSA's decision to extend Plaintiff's time for filing a civil suit, but only until January 16, 2001. Plaintiff has not alleged or argued any grounds for equitable tolling of *that* deadline. Instead, without citing any authority, Plaintiff argues that the Commissioner was statutorily required to grant her an extension of sixty days. Section 405(g) expressly grants to the Commissioner discretion to determine the "further time" by which the deadline to file a civil action is extended. Plaintiff has not alleged any facts suggesting that the granting of an additional thirty days rather than sixty days was an abuse of discretion, nor has she cited any authority supporting her argument that the constitutional guarantee of due process requires that she be granted sixty days.

Plaintiff relies substantially on *Chavis v. Heckler*, 577 F. Supp 201 (D.C.D.C. 1983). The plaintiff in that case, Charles Chavis, had previously been receiving supplemental security income, but in May 1979 the SSA determined that Chavis' disability had ceased. In June, 1979, the SSA sent notice of its intention to terminate Chavis' benefits and of his right to appeal. Notwithstanding the undisputed facts that Chavis had requested that all notices be sent to his post office box rather than

---

[5] The applicable regulation, 20 C.F.R. § 404.982, requires that a request for an extension to file a civil action must be "in writing." However, no written request appears in the administrative record, nor is there any copy of any such request included in any of the Plaintiff's submissions to this Court. The Plaintiff's affidavit does not discuss her request for extension.

8

his residence, and that the SSA had recorded the changed address in its computers (*Id.* at 204), the SSA sent the notice of termination to Chavis' residence. There was a finding by the ALJ, based on Chavis' testimony, that Chavis did not receive the written notice and was not aware that his benefits had been terminated until he phoned the SSA office in August, 1979 to inquire about his check. He was not told at that time of his right to appeal. Chavis reapplied for benefits and, although the ALJ found that Chavis was not at that time disabled, he also found that the plaintiff's due process rights had been violated, and, as a remedy, awarded Chavis disability benefits from June, 1979 until the date when the plaintiff reapplied. The district court observed that the recipient of welfare benefits has a protected property interest in the continued receipt of those benefits. *Id.* at 203. The earlier finding by the SSA that Chavis was disabled created a presumption that Chavis remained disabled, and therefore entitled to benefits, through the date of his reapplication. *Id.* at 205. The court agreed with the ALJ that Chavis did not receive notice of the termination and that the information given to Chavis in August, 1979 was not sufficient because it did not inform him of his right to appeal the decision. The court concluded that the SSA violated Chavis' procedural due process rights when it terminated plaintiff's benefits *without actual or adequate notice* of the termination and appeal rights. *Id.* (emphasis added).

The differences between this case and *Chavis* are apparent. Here, the SSA did not rest on its earlier mailing of the Action of Appeals Council, but rather granted Plaintiff's request for an extension of time, presumably based on her argument that the Action had been mailed to the wrong address. There is no proof that Plaintiff did not receive actual notice of the December 8, 2000 letter granting the extension and the accompanying denial of her appeal. On the contrary, the Amended Complaint alleges that the SSA's December 8, 2000 letter was issued "informing Ms. Sims of the

9

decision of the Appeals Council." (Am. Compl. ¶ 6.) A copy of the December 8, 2000 letter is attached as Exhibit B to the Amended Complaint. Furthermore, Plaintiff has failed to set forth any factual basis to support an argument that the notice that she received in the form of the December 8, 2000 letter was inadequate.

The second case cited by Plaintiff, *In re Forfeiture of $2,354 United States Currency*, 760 N.E.2d 565 (Ill. App. 2001), is likewise distinguishable. In that case, through the fault of the state, the petitioner did not receive notice that his money was forfeited until after the time to contest the forfeiture had expired. *Id.* at 572. Thus, the court held that the state did not meet the due process requirement to provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 569, quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). In the present case, Plaintiff has not alleged, let alone demonstrated, that she did not receive the December 8, 2000 letter in sufficient time to file a civil action before the expiration of the extension, January 16, 2001.

Plaintiff failed to file her civil action within the time required by § 405(g), *i.e.*, "within such further time as the Commissioner of Social Security shall allow." Plaintiff has provided no reason for her failure to file within that time. Accordingly, Defendant's motion for summary judgment is granted.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment [dkt 31] is DENIED; Defendant's motion to dismiss [dkt 33-1] is DENIED; and Defendant's motion for summary

judgment [dkt 33-2] is GRANTED. Judgment is entered in favor of the defendant and against the plaintiff.

**IT IS SO ORDERED.**

/GERALDINE SOAT BROWN
**United States Magistrate Judge**

**DATED: August 28, 2002**